## ROWNTREE *v.* SLOAN.

PATENTS; INTERFERENCE; RIGHT TO MAKE CLAIMS; LACHES; ESTOPPEL.

1. Where the construction of one of the parties to an interference involving an improvement in pay as you enter cars, calls for no division of the space inside of the door into separate entrance and exit passages, all persons entering the gate being expected to pass through a single exit entrance, and the portion of the platform intended as an entrance passage not being obstructed by any door but open at all times to passengers, his claims cannot be read upon the issue of an interference which calls for a passenger car provided with a door and with means arranged inside the door to divide the space inside the door into separate entrance and exit passages; the "space inside the door" meaning space controlled by the door to which access must be obtained through the door.

2. Failure on the part of one of the parties to an interference for three years after the grant of a patent to his adversary to make the claims of the issue, which he then copies from the latter's patent, estops

him from making such claims (*Re Fritts, post,* 211); especially where he fails also to comply with rule 48 of the Patent Office, requiring an applicant when he presents a claim for matter alleged to have been originally shown and described, but not embraced in the statement of invention or claims as originally presented, to file a supplemental oath.

No. 1007.    Patent Appeals.    Submitted January 14, 1916.    Decided May 1, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Reversed.*

The facts are stated in the opinion.

*Mr. Saml. E. Darby* and *Mr. Frank T. Brown* for the appellant.

*Mr. C. P. Byrnes* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the First Assistant Commissioner of Patents in an interference proceeding awarding priority of invention to appellee, Harry M. Sloan, as to the following counts:

"1. A passenger car having a door, means arranged inside the door to divide the space inside the door into separate entrance and exit passages, and means also arranged inside the door but removed therefrom for controlling the operation of the door.

"2. A passenger car having an end vestibule, a side door for the vestibule, and means located inside the door for operating the door, said means serving to divide the space inside the door into separate entrance and exit passages.

"3. A passenger car having an end vestibule, a side door therefor, means located inside the door to divide the space inside the door into separate entrance and exit passages, and means also

located inside the door and adjacent said passage separating means for controlling the door movements."

Harold Rowntree's application was filed May 21, 1908, and a patent containing the claims of the issue was granted him October 5, 1909. In his specification he refers to prior constructions of "pay as you enter" cars, in which the fare of each passenger is collected as he enters the car, and in which a railing is employed on the platform at the end of the car to provide a separate entrance and exit passage, and also to provide for the conductor, who stands on this platform, that he may observe the coming and going of passengers. He then speaks of the disadvantages of this arrangement, directing attention to the fact that the position of the conductor, being outside the car proper, enables him to collect fares without registering them, and renders it difficult for any dishonesty on his part to be detected by an inspector, who necessarily would be required to pass inside the car. Later on the advantages of the particular invention are stated as follows: "My invention relates to passenger cars of this class and operated on the 'pay as you enter' plan, and the particular object sought is to provide means which are very simple and inexpensive whereby the fares are collected from the passengers as they enter the car, whereby the conductor is always in plain view of passengers or inspectors on the inside of the car, who can thereby more readily detect any attempted dishonesty in failing to ring up or register the fares collected, and whereby the ordinary car at present in use may be readily and easily converted, at small expense, into condition for use upon the 'pay as you enter' plan.

"In carrying out my invention, I propose to employ a railing or other suitable or convenient form of partition, and which is arranged to extend into the body of the car from or adjacent the doorway or entrance, in such relation as to provide a restricted entrance passage through which the passengers pass in entering the car, and whereby the conductor can readily and easily collect the fares, from a point inside the car, from the passengers as they enter the car."

It thus will be seen that in this construction it clearly was contemplated that the conductor should be inside the body of the car.

Sloan's application was filed October 21, 1907, *but it was not until October 7, 1912, or three years after the grant of the patent to Rowntree,* that these claims were copied from the Rowntree patent and an interference requested; and even then rule 48 of the rules of practice of the Patent Office, requiring an applicant when he presents a claim for matter alleged to have been originally shown and described, but not embraced in the statement of invention or claims as originally presented, to file a supplemental oath, was not complied with. The claims were merely presented through attorneys. Rowntree immediately filed a motion for a dissolution of the interference on the ground that Sloan had no right to make the claims. The primary examiner, after a careful consideration of the question, sustained the motion. Thereupon an appeal was taken to the Board of Examiners in Chief who, considering count No. 1 as typical of this group, said: "Count 1 specifies that the passenger car is provided with a door and with means arranged inside of the door to divide the space inside of the door into separate entrance and exit passages. In the application of Sloan the edge of the platform at the step of the car is divided into two parts by a central post, between which and one edge of the platform is located a gate to prevent passengers from getting off the car except when allowed to do so by the conductor. The other half of the platform is open at all times for the admission of passengers.

"The Examiner holds that the 'space inside the door' means space controlled by the door to which access must be obtained through the door, and that in Sloan's construction there is no division of such space into separate entrance and exit passages, all persons passing through the gate being expected to pass through the single-exit entrance. The portion of the platform which is intended as an entrance passage is not obstructed by any door, but is open at all times to passengers. We agree

with the Examiner that this is the only proper meaning to give to the count."

The Board therefore affirmed the decision of the Examiner. Upon appeal to the First Assistant Commissioner, the ruling of the lower tribunals was reversed. Thereupon, *pro forma* decisions were rendered awarding priority to Sloan, and this appeal resulted, Rowntree all the while contending that Sloan had no right to make the claims.

While in our opinion the view of the lower tribunals was correct, it is unnecessary to discuss the matter, for the reason that Sloan's laches, in failing within a reasonable time after the issuance of the Rowntree patent to make these claims, estopped him to make them at all. *Re Fritts,* present term, infra, 211. By his delay, if his present contention should be accepted, the life of the monopoly would be extended for a period of three years. If he thought these claims read upon his application, it was his duty promptly to make them, at least within the time allowed for amendment after office action, and his failure to do so is fatal to his present contention. We have not overlooked his contention that there were claims in his application as originally filed approximating the claims of the issue. It is enough to say that we are clearly of the opinion that this contention is not justified by the record.

The decision is reversed.                    *Reversed.*